WILLIAM H. DABNEY, administrator, plaintiff in error, vs. AMELIA A. BAILEY, defendant in error.

Where a widow, with the assent of the administrator and the approval of the Ordinary, elected to take money in lieu of dower, and commissioners were appointed to assess the same, who made a return of their action, but the widow recalled her election and the Court passed an order setting aside the return, and permitting her to recall her election, and afterward commissioners were appointed in the ordinary way to assign to her dower, and they made a return of the assignment: .

Held, That, in a traverse of the return by a creditor, the former proceedings, in relation to her choice of money in lieu of dower, were no bar to her present application; it appearing that she made her election of money under the impression that the estate was fully solvent, when, in fact, its solvency is doubtful.

Dower. Election. Estoppel. Before Judge HARVEY. Gordon Superior Court. October, 1870.

Mrs. Bailey, supposing her late husband's estate solvent, elected to take a sum of money, absolutely, in lieu of dower. The Superior Court appointed commissioners to fix the amount, and they made their return to the succeeding term of the Court. Nothing was done at that term. By the next term it was ascertained that the estate was probably insolvent, and her attorney took an order withdrawing said application for said reason. Subsequently, she applied for dower. The administrator and a creditor pleaded said former election as above. At the hearing she swore to her said reasons for her action, and that no third party had so acted upon her election as to be prejudiced thereby. The Court allowed her dower assigned, and that is assigned as error.

WILLIAM H. DABNEY, for plaintiff in error.

W. T. WOFFORD, for defendant. The *judgment* of the Superior Court concludes the parties: R. Code, sec. 3976. She had right to abandon the election to take dower: R. Code, section 1756.

McCay, J.

Although there are several assignments of error in this record, yet at the hearing but one was insisted upon, to-wit: that the applicant for dower was estopped by her election to take money in lieu of dower.

The Code, section 1760 and 1761, providing for this election, does not fix any period in the progress of the proceedings when the election shall be complete. It is invalid until the executor or administrator and Ordinary assent. This Court, in *Smith vs. Smith,* 36 Georgia Reports, 620, has decided that, as a general rule, the assent of the Ordinary ought to be before the commissioners have made the assessment. We are inclined to think that the election is complete when all the parties upon whose will it depends have agreed to it; though much might be said in favor of the widow having a right, at her option, to withdraw her election at any time before the judgment of the Court. We can see no objection, however, to putting her upon the same terms as is provided for her choice of a child's part in lieu of dower: Revised Code, section 1756. If she elect in ignorance of the condition of the estate, or of any fact material to her interest, she is not barred unless her change of purpose will injure persons who have, *bona fide,* acted on her election.

At the time this election was made the estate was supposed to be perfectly solvent, with a handsome surplus to the heir. It is now discovered that it is probably insolvent, and that the widow will have to support and educate her child out of her own means.

Whilst the estate was such as to give the child a handsome portion, the mother might be very unwilling to hamper the *corpus* of it with her dower in kind. She might be very careless about her dower at all. Her share of the personalty might satisfy her, sure of a home as she was with her child. But in the new phase of things—the homestead gone—the child dependent upon her, we can see strong reasons why she

should prefer her dower in kind. The preservation of the homestead in the family is of itself a strong inducement. Besides, nobody is hurt. There is no pretence that any one has acted upon her election, so as to make this change of purpose upon her part a wrong. Her election may, we think, fairly be said to have been made in ignorance of the condition of the estate, since the new state of things casts new duties upon her. We would not hold a woman to a very strict rule upon this subject. They are generally ignorant of business, ready to sacrifice themselves for their children, and to be governed by considerations far less selfish than those which control the other sex.

We do not, upon the whole, see any error in this record, and we affirm the judgment of the Court below.

Judgment affirmed.